**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| OOLITE MANAGEMENT SERVICES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION,<br><br>Defendant. | ) | CAUSE NO. 3:26-cv-000183 |

**COMPLAINT**

COMES NOW Plaintiff, Oolite Management Services, LLC, by counsel, and bring this action against the Defendant, Whirlpool Corporation, under Indiana's Environmental Legal Action Statute, Ind. Code § 13-30-9-1, *et seq.*, (the "ELA") and other statutory and common law tort claims, and alleges and states as follows:

**PARTIES AND VENUE**

1. Oolite Management Services, LLC ("Oolite") is an Indiana limited liability company that purchased real property as a Bona Fide Prospective Purchaser and now owns said real property located at 1500 North Heidelbach Avenue, Evansville, IN 47711 (the "Property").

2. Whirlpool Corporation is a Michigan Corporation doing business in Evansville, Indiana, and was a prior owner of the Property.

3. The Property is located in Vanderburgh County, Indiana, and therefore venue is proper in this Court.

**FACTS APPLICABLE TO ALL COUNTS**

7. Upon information and belief, Defendant owned the Property for a period between 1940 to 1976.

8. Upon information and belief, Defendant has owned and/or operated various manufacturing and production facilities at the Property during its period of ownership.

9. During its ownership and/or operation at the Property, Defendant utilized solvents including chlorinated solvents such as trichloroethylene ("TCE").

10. During ownership of the Property, Defendant and/or its employees, contractors, and agents released TCE, solvents, and other contaminants into the sub slab soil and groundwater on, under or around the Property.

11. The TCE, solvents, and other contaminants released by Defendant at the Property and those substances now impacting the Property constitute "hazardous substances" pursuant to Ind. Code § 13-11-2-98.

12. As a result of the contamination of hazardous substances on, under and around the Property, the Plaintiff has incurred damages, including but not limited to, the costs of removal or remedial action, diminution in value of the Property and loss of use and enjoyment of the Property.

13. Additional testing is needed on the Property to determine more precisely the nature and extent of the environmental contamination and the necessary actions required to remediate said contamination.

**COUNT I - ENVIRONMENTAL LEGAL ACTION STATUTE**

14. Oolite incorporates the preceding paragraphs of its Complaint as though fully set forth herein.

15. Pursuant to Ind. Code §13-30-9-2, a person may bring an environmental legal action against a person who caused or contributed to the release of a hazardous substance into the surface or subsurface soil or groundwater that poses a risk to human health and the environment.

16. Defendant is classified as a "person" under the meaning of that term defined at Ind. Code §13-11-2-158.

17. Oolite is classified as a "person" under the meaning of that term defined at Ind. Code §13- 11-2-158.

18. Defendant's actions and omissions related to its ownership and operation at the Property have caused and/or contributed to the release of hazardous substances into the subsurface soil and groundwater of the Property, thereby posing a risk to human health and the environment.

19. Oolite has incurred, and will continue to incur, costs and expenses, including, but not limited to environmental consultant fees and attorneys' fees, in connection with the removal or remedial action involving the hazardous substances on, under and around the Property.

20. Oolite is entitled to recover from Defendant the costs of removal and/or remedial action involving the hazardous substances on, under and around the Property, including, but not limited to environmental consultant fees and attorneys' fees, as provided for in Ind. Code § 13-30-9-3.

21. Oolite is also entitled to recover the costs of all future analytical work and remediation involving the hazardous substances impacting the Property.

WHEREFORE**,** Plaintiff, by counsel, prays that the Court enter judgment in its favor and against Defendant, in an amount sufficient to compensate Oolite for its damages, including, but not limited to, costs and expenses, environmental consultant fees and attorneys' fees, incurred in connection with the removal and/or remedial action and all future analytical work and remediation involving the hazardous substances impacting the Property, and grant such other and further relief as is just and proper.

**COUNT II – TRESPASS**

22. Oolite incorporates the preceding paragraphs of its Complaint as though fully set forth herein.

23. Defendant's failure to address the contamination on, under and around the Property substantially interferes with Oolite's respective rights to the exclusive use, enjoyment, and possession of the Property.

24. Defendant's actions and/or omissions in causing and/or allowing the contamination to the Property are without legal justification.

25. Oolite never consented to Defendant's release of the hazardous substance onto the Property.

26. As a direct and proximate result of Defendant's trespass upon the Property, Oolite has suffered damages, including but not limited to, costs and expenses of removal or remedial action, diminution in value of the Property, and loss of use and enjoyment of the Property.

WHEREFORE, Plaintiff, by counsel, prays that the Court enter judgment in its favor and against Defendant, in an amount sufficient to compensate Oolite for its damages, and grant such other and further relief as is just and proper.

**COUNT III – NUISANCE**

27. Oolite incorporates the preceding paragraphs of its Complaint as though fully set forth herein.

28. Defendant's failure to address the contamination on, under and around the Property are injurious to health, indecent, offensive to the senses, and an obstruction to the free use of the Property.

29. Defendant's failure to address the contamination on, under and around the Property

constitute a nuisance pursuant to Ind. Code § 32-30-6-6.

30. As a direct and proximate result of the continuing nuisance unleashed by Defendant, Oolite has suffered and continues to suffer damages, including but not limited to, costs and expenses of removal or remedial action, diminution in value of the Property, and loss of use and enjoyment of the Property.

31. Pursuant to Ind. Code § 32-30-6-6, Oolite is entitled to commence an action to enjoin such nuisance and to recover damages as proximately caused by such nuisance.

WHEREFORE, Plaintiff, by counsel, prays that the Court order Defendant to take immediate remediation action on the Property that will fully and completely clean up the contamination to ensure the safety and health of Oolite and the environment, enter judgment in Oolite's favor and against Defendant in an amount sufficient to compensate Oolite for its damages, and grant such other and further relief as is just and proper.

**COUNT IV – NEGLIGENCE**

32. Oolite incorporates the preceding paragraphs of its Complaint as though fully set forth herein.

33. During its ownership and operation of the Property, Defendant had a duty to control and maintain the Property and its business operations in a safe manner.

34. Defendant had a duty to not allow hazardous substances to be released onto the Property and the surrounding environment.

35. Defendant has breached these duties by its negligent acts and omissions in operating and maintaining the Property, by its failure to implement safeguards to prevent the release of hazardous substances, and by its failure to promptly and effectively address the release of hazardous substances.

36. Defendant knew or should have known that the release of hazardous substances would contaminate the Property.

37. Defendant knew or should have known that the release of hazardous substances had the potential to cause harm to human health and the environment.

38. As a direct and proximate result of Defendant's breach of its duties, Oolite has suffered and continues to suffer damages, including but not limited to, costs and expenses of removal or remedial action, diminution in value of the Property, and loss of use and enjoyment of the Property.

WHEREFORE, Plaintiff, by counsel, prays that the Court enter judgment in its favor and against Defendant in an amount sufficient to compensate Oolite for its damages, and grant such other and further relief as is just and proper.

**COUNT V - NEGLIGENCE PER SE**

39. Oolite incorporates the preceding paragraphs of its Complaint as though fully set forth herein.

40. The release of the hazardous substances and its subsequent migration onto the Property constitute an unexcused and unjustified violation of Defendant's duties as prescribed by statutes, regulations, and ordinances including, but not limited to, the ELA and Ind. Code § 13-30-3-13(d).

41. The breaches of the above-referenced statutory duties are the proximate cause of injury to Oolite.

42. The violations of the statutes impose liability upon Defendant.

43. As a direct and proximate result of Defendant's breaches of its duties, Oolite has suffered and continues to suffer damages, including but not limited to, costs and expenses of

removal or remedial action, diminution in value of the Property, and loss of use and enjoyment of the Property.

WHEREFORE, Plaintiff, by counsel, prays that the Court enter judgment in its favor and against Defendant in an amount sufficient to compensate Oolite for its damages, and grant such other and further relief as is just and proper.

**COUNT VI - DECLARATORY JUDGMENT**

44. Oolite incorporates the preceding paragraphs of its Complaint as though fully set forth herein.

45. An actual, substantial, legal controversy now exists between Oolite and Defendant, and Oolite seeks judicial declaration of its rights and legal relation with Defendant pursuant to Ind. Code §34-14-1-1 *et seq.*

46. Defendant is liable for the damages caused by the contamination and that Defendant is obligated to reimburse Oolite for their past and future costs relating to the contamination, as well as for attorney fees incurred by Oolite.

47. A declaratory judgment is appropriate for numerous reasons, including that it will provide a final resolution of the issues between Oolite and Defendant regarding liability for said costs, and will ensure an environmentally proper and expeditious response to the contamination impacting the Property.

WHEREFORE, Plaintiff, by counsel, prays that the Court enter declaratory judgment in its favor and against Defendant declaring as follows:

a. That Defendant is liable for the contamination on the Property, including the remediation of the contamination and restoring the Property to its uncontaminated state; and

b. That Defendant will reimburse Oolite for the costs Oolite has incurred relating to the contamination on the Property; and

c. That Defendant is liable for and, on a regular basis, will reimburse Oolite for all consultant fees, attorneys' fees and court costs, including those fees incurred during the pendency of this action irrespective of the outcome of any claim alleged herein, arising from the contamination on the Property; and

d. That Defendant is liable for all damages caused to Oolite as a result of the contamination; and

e. That the Court grant such other and further relief as is just and proper.

**COUNT VII- COST RECOVERY UNDER CERCLA § 107(A), 42 U.S.C. § 9607(A)**

48. Oolite incorporates the preceding paragraphs of its Complaint as though fully set forth herein.

49. This cause of action arises under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9675 ("CERCLA"). Oolite seeks recovery of response costs pursuant to 42 U.S.C. § 9607(a).

50. The Property constitutes a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601(9).

51. "Hazardous substances," as defined by 42 U.S.C. § 9601(14), have been identified at, on, in, or emanating from the Property, including but not limited to TCE, at unsafe levels of concentration.

52. There has been a "release" and/or "threatened release" of hazardous substances from the Property into the environment, within the meaning of 42 U.S.C. § 9601(22), including soil, groundwater, surface water, and sediments originating from Defendant's former use of the

Property.

53. In response to the release and/or threatened release, Plaintiff has undertaken and is undertaking "response" actions, as defined by 42 U.S.C. § 9601(23)–(25), including but not limited to site assessment, remedial design, remedial action, oversight, operation and maintenance, etc., at and in connection with the Property.

54. Plaintiff has incurred and will continue to incur "necessary costs of response" within the meaning of 42 U.S.C. § 9607(a)(4)(B), including but not limited to, investigation, sampling and analysis, removal and remedial action implementation, oversight, project management, engineering, contracting, community relations, permitting, and compliance costs, and expects to incur additional response costs in an amount to be determined.

55. Plaintiff has made demands upon Defendant for payment of response costs and performance of response actions, but Defendant has failed and refused to fully perform or reimburse such costs.

56. Each Defendant is a "person" within the meaning of 42 U.S.C. § 9601(21).

57. At relevant times, Defendant, Whirlpool, owned and/or operated the Property and/or a facility from which there was a release or threatened release of hazardous substances within the meaning of 42 U.S.C. § 9607(a)(1)–(2).

58. The release and/or threatened release of hazardous substances at or from the Site caused Plaintiff to incur necessary response costs, and Defendant's acts and omissions were a substantial factor in causing such releases and resulting response actions.

59. None of the defenses set forth in 42 U.S.C. § 9607(b) applies to Plaintiff's claims.

60. The harm at the Property is indivisible, and Defendant is jointly and severally liable for all past and future response costs at and in connection with the Property.

61. Plaintiff is entitled to recover prejudgment interest on its recoverable response costs pursuant to 42 U.S.C. § 9607(a), accruing from the later of the date payment of a specified amount was demanded in writing or the date such costs were incurred, calculated in accordance with 42 U.S.C. § 9607(a).

WHEREFORE, Plaintiff, by counsel, prays that the Court enter declaratory judgment in its favor and against Defendant declaring as follows:

a. That Defendant are liable for the contamination on the Property, including the remediation of the contamination and restoring the Property to its uncontaminated state; and

b. That Defendant will reimburse Oolite for the costs Oolite has incurred relating to the contamination on the Property; and

c. That Defendant are liable for and, on a regular basis, will reimburse Oolite for all consultant fees, attorneys' fees and court costs, including those fees incurred during the pendency of this action irrespective of the outcome of any claim alleged herein, arising from the contamination on the Property; and

d. That Defendant is liable for all damages caused to Oolite as a result of the contamination; and

e. That the Court grant such other and further relief as is just and proper.

Respectfully submitted,

**KAHN, DEES, DONOVAN & KAHN, LLP**

By: *[/s/ Dylan J. Murphy]{.underline}*
Dylan J. Murphy, #39797-22
Michael E. DiRienzo, #22948-71

*Attorneys for Plaintiff,*
*Oolite Management Services, LLC*

**KAHN, DEES, DONOVAN & KAHN, LLP**
501 Main Street, Suite 305
P.O. Box 3646
Evansville, IN 47735-3646
Telephone: (812) 423-3183
Facsimile: (812) 423-3841
Email : dmurphy@kddk.com
Email: mdirienzo@kddk.com